IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| SHELBEE GUTIERREZ,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 1:21-cv-70-TC |

Shelbee Gutierrez has filed a Petition under 28 U.S.C. § 2255 to vacate his 48-month prison sentence (to be followed by three years of supervised release). The court imposed the sentence after Mr. Gutierrez pled guilty to a violation of 18 U.S.C. § 922(g)(1), which prohibits a felon from possessing a firearm.

According to Mr. Gutierrez, his plea was not knowing and intelligent because the court, he alleges, failed to inform him during the change-of-plea hearing of a particular element of the crime. Specifically, he says the court did not tell him the United States had to prove he knew he belonged to the class of persons barred from possessing a firearm (in his case, the class of convicted felons). He further asserts that this alleged error was "structural" and so, as a matter of law, the court is required to vacate his guilty plea and sentence.

He bases his argument on the reasoning of the Fourth Circuit in United States v. Gary, which is currently on appeal to the United States Supreme Court. See United States v. Gary, 954 F.3d 194 (4th Cir. 2019), cert. granted, 141 S. Ct. 974 (Jan. 8, 2021) (mem.). But the Tenth Circuit has rejected the Fourth Circuit's reasoning, so binding case law does not support his

1

position.  See U.S. v. Trujillo, 960 F.3d 1196, 1205 (10th Cir. 2020) ("We recognize [that our] conclusion conflicts with the Fourth Circuit's decision in United States v. Gary, 954 F.3d 194 (4th Cir. 2020).  Nevertheless, … we are not persuaded we should expand the limited number of structural errors to include those in which a district court fails to inform a defendant of the knowledge-of-status element of a felon in possession charge under 18 U.S.C. § 922(g)(1).").

Perhaps recognizing the holding in Trujillo (although his Petition does not cite it), Mr. Gutierrez characterizes his Petition as one based on a yet-to-be-issued Supreme Court decision affirming the Fourth Circuit.  Only if that occurs will the rule upon which Mr. Gutierrez relies have possible application to his case.  And that no doubt prompted his simultaneously-filed "Motion to Place in Abeyance" consideration of his Petition until after the Supreme Court has ruled, a request that assumes the holding will be in his favor.  (See Mot. to Place in Abeyance at 6, ECF No. 2 ("Petitioner Shelbee Gutierrez move [*sic*] this Court to grant him relief once the Supreme Court decides Gary ….").)

The entire basis for Mr. Gutierrez's Petition is a set of circumstances that do not exist now and that may not occur.  His Petition is not ripe, so the court does not have jurisdiction.  For that reason, the court denies the Petition without prejudice.

SO ORDERED this 18th day of May, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge